FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN 21  PM 2: 31

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| KELVIN AND DEBRA | * | CIVIL ACTION NO. | |
| ADAMS | * | | |
| | * | | |
| VERSUS | * | JUDGE | 07-3429 |
| | * | | |
| ALLSTATE INSURANCE COMPANY | * | SECTION | SECT.K MAG2 |
| | * | | |
| | * | MAGISTRATE | |
| | * | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### <u>FIRST SUPPLEMENTAL AND AMENDING COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, come complainants, Kelvin and

Debra Adams. who supplement and amend their original petition filed in Civil District Court for

the Parish of Orleans, State of Louisiana, Case #06-8327 which was subsequently removed by

Defendant herein to United States District Court for the Eastern District of Louisiana as follows:

1.

Complainants adopt and incorporate by reference all of the allegations and prayers for

relief set forth and contained in paragraphs I through XVIII and the prayer for relief contained in

their original state court petition as if copied herein verbatim and *in extenso*.

2.

Plaintiffs amend their original petition in accordance with the Order of the Court determining

that the plaintiffs' claims be severed into individual suits, each addressing one distinct property.



3.

Complainants add paragraph number XIX to read as follows:

XIX.

The damages suffered by Complainants to their residence located at 11284 Fernley Drive,
New Orleans, Louisiana 70128, were caused by wind, wind driven rain, flooding and waters entering
the City of New Orleans and surrounding parishes on August 29, 2005.

4.

Complainants add paragraph number XX to read as follows:

XX.

The flooding and water entering the City of New Orleans and surrounding parishes
resulted from breaches in and failure of the levees and/or levee walls along the 17th Street Canal,
London Avenue Canal, Industrial Canal, the Mississippi River Gulf Outlet and elsewhere, and
were the result of acts of negligence in the design, construction and maintenance of said levees
and levee walls.

5.

Complainants add paragraph number XXI to read as follows:

XXI.

The breaking or failure of the levee systems in the City of New Orleans and surrounding
parishes which resulted from negligent acts is a peril not specifically excluded by the policy of
homeowner's insurance issued by Defendant to Complainants herein in contrast to other policies
available in the market, and neither falls within the regular definition of "flood" nor within any of

the said insurance policy's exclusion of "flood".

6.

Complainants add paragraph number XXII to read as follows:

XXII.

Defendant, Allstate Insurance Company, negligently, recklessly and/or fraudulently ignored clear evidence that wind and wind-driven rain cause severe damage to Complaints' covered property prior to any flooding.

7.

Complainants add paragraph XXIII to read as follows:

XXIII.

Complainants aver that they have suffered losses to his personal property/contents that was located at their residence at 11284 Fernley Drive, New Orleans, Louisiana 70128 and that said damages were caused by wind, wind driven rain, and/or flooding from the aforementioned sources, and that said damages have rendered complainants' personal property/contents a total loss.

8.

Complainants add paragraph XXIV to read as follows:

XXIV.

The homeowner's policy of insurance issued by Defendant to Complainants herein included coverage for Complainants' personal property/contents, and in issuing coverage for said personal property/contents, Defendant herein placed a valuation on Complainants' covered

personal property/ contents which was used for purposes of determining the premium charges to be made under said policy to Complainants.

*9.*

Complainants add paragraph XXV to read as follows:

XXV.

Neither the homeowner's policy issued by Defendant herein to Complainants herein nor any applications therefor, set forth in type of prominent size a different method to be used in the computation of Complainants' loss of personal property/contents, as set for th in La. R.S. 22:667. Accordingly, Complainants are entitled to recover the full face value, without deduction or offset, stated in the homeowner's policy issued by Defendant to Complainants for coverage of their personal property/contents pursuant to the provisions of La. R.S. 22:667.

10.

Complainants add paragraph XXVI to read as follows:

XXVI.

Complainants further allege that the total loss of their dwelling, other structures and personal property/contents was caused by perils covered by the homeowner's policy of insurance issued by Defendant herein to Complainants herein.

WHEREFORE, Complainants pray:

That after appropriate legal delays, there be judgement in favor of Complainants and against Defendant, Allstate Insurance Company, for the full face value stated in the homeowner's policy issued by them to Complainants for coverage for dwelling and other structures, without

deduction or offset pursuant to La. R.S. 22:695; that there be trial by jury; that there be

judgement in favor of Complainants for the full face value stated in the homeowner's policy

issued by Defendant to Complainants for personal property/contents without deduction or offset

pursuant to La. R.S. 22:667: that there be judgement in favor of Complainants for the full face

value stated in said policy for coverage of additional living expenses/loss of use: that in the

alternative there be judgement in favor of Complainants and against Defendant herein for just

and reasonable damages provided under the homeowners's policy issued by Defendant to

Complainants herein, for all damages to Complainants' dwelling, other structures, personal

property/contents, additional living expenses and/or all relief provided by said policy: that

Complainants be granted all relief prayed for in their original petition, and all relief provided by

the provisions of La. R.S. 22:1220 and/or La. R.S. 22:658; that Complainants recover interest

from date of judicial demand; that Complainants recover all cost of these proceedings, and for all

general and equitable relief.

Respectfully submitted,
**PATRICK G. KEHOE, JR., APLC**

**Patrick G. Kehoe, Jr. - 14419**
833 Baronne Street
New Orleans, LA 70113
Telephone:  504-588-1110
Facsimile:  504-588-1954

**CONNICK AND CONNICK, LLC**
**William P. Connick - 14158**
2551 Metairie Road
Metairie, LA 70005

Page 5 of  6

Telephone:  504-838-8777
Facsimile:  504-838-9903

**LAW OFFICES OF ROY F. AMEDEE, JR.**
**Roy F. Amedee, Jr. - 2449**
**Brent A. Klibert - 29296**
*228 St. Charles Avenue, Suite 801*
New Orleans, LA 70130
Telephone:  504-592-3222
Facsimile:  504-592-8783

**LESTELLE & LESTELLE, APLC**
**Terrence J. Lestelle - 08540**
**Andrea S. Lestelle - 08539**
**Jeffery B. Struckhoff - 30173**
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone:  504-828-1224
Facsimile:  504-828-1229

**ROBICHAUX LAW FIRM**
**J. Van Robichaux, Jr. - 11338**
P. O. Box 792500
New Orleans, LA 70179
Telephone: 504-286-2022
Facsimile: 504-282-6298

**UNGAR & BYRNE, APLC**
**Randy J. Ungar – 12387**
365 Canal Street, Suite 2520
New Orleans, LA 70130
Telephone:  504-566-1616
Facsimile:  504-566-1652

**ALLAN BERGER & ASSOCIATES, APLC**
**Allan Berger - 2977**
4173 Canal Street
New Orleans, LA 70119
Telephone:  504-486-9481
Facsimile:  504-483-8130